ROBERT E. TIMMONS, JR., Employee, Plaintiff v. NORTH CAROLINA DEPARMENT OF TRANSPORTATION, Employer; Self-insurer; Defendant

No. COA95-835

(Filed 6 August 1996)

1. **Workers' Compensation § 230 (NCI4th)— paraplegic awarded permanent disability—return to full-time employment—benefits not terminated**

Since N.C.G.S. § 97-31(17) provides that the loss of both legs constitutes total and permanent disability to be compensated according to N.C.G.S. § 97-29, and that statute provides for lifetime benefits to the injured employee, the Industrial Commission correctly denied defendant's motion to terminate plaintiff's workers' compensation benefits made after plaintiff paraplegic returned to full-time employment.

**Am Jur 2d, Workers' Compensation §§ 381, 382, 431.**

2. **Workers' Compensation § 219 (NCI4th)— disabled employee—expenses to make home accessible—award proper**

The Industrial Commission properly ordered that defendant "pay for adding to plaintiff's new home those accessories necessary to accommodate plaintiff's disabilities" rather than pay for construction of the entire house or pay nothing for making the home accessible to plaintiff's handicap since the expense of hous-

ing is an ordinary necessity of life, to be paid from the statutory substitute for wages provided by the Workers' Compensation Act, while costs of modifying such housing to accommodate one with extraordinary needs occasioned by a workplace injury is not an ordinary expense of life for which the statutory substitute wage is intended as compensation, and such extraordinary and unusual expenses are properly embraced in the "other treatment" language of N.C.G.S. § 97-25.

**Am Jur 2d, Workers' Compensation §§ 443, 444.**

**3. Workers' Compensation § 399 (NCI4th)— future disputes ordered to mediation—award proper**

The Industrial Commission did not err in referring to mediation any "disputes which may arise with respect to the costs and building of the home contemplated by plaintiff," since N.C.G.S. § 97-80(c) specifically authorizes the Commission to require parties to participate in mediation under rules adopted by it, and, foreseeing that disputes might reasonably arise between the parties with respect to the construction of plaintiff's residence and the expenses which might properly be charged to the respective parties, the Commission wisely required the parties to engage in a more expedient method of resolving such disputes than the necessity of scheduling hearings before a deputy which might prolong the construction process and increase its expense.

**Am Jur 2d, Workers' Compensation §§ 607, 608.**

**4. Workers' Compensation § 471 (NCI4th)— attorney's fees as costs—award proper—medical rehabilitation expert's fees—order taxing as costs remanded**

The Industrial Commission did not err in ordering defendant to pay plaintiff's attorney's fees where defendant appealed the award in favor of plaintiff to the Full Commission which affirmed the award, and the requirements of N.C.G.S. § 97-88 were thus satisfied; however, the Commission's order taxing as costs the charges of plaintiff's medical rehabilitation expert for preparing a "life care plan" for plaintiff and for providing deposition testimony as an expert witness must be remanded, since it would be proper to tax her fees for her testimony as a part of the costs, but not her fees to prepare the "life care plan," and the Commission's order did not so limit the charges taxed to defendant as costs.

**Am Jur 2d, Workers' Compensation §§ 722-726.**

**Workmen's compensation: Attorney's fee or other expenses of litigation incurred by employee in action against third party tortfeasor as charge against employer's distributive share. 74 ALR3d 854.**

Appeal by defendant from opinion and award of the North Carolina Industrial Commission entered 26 May 1995. Heard in the Court of Appeals 27 March 1996.

*Folger and Folger, by Fred Folger, Jr., for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General D. Sigsbee Miller, for defendant-appellant.*

MARTIN, John C., Judge.

In July 1980, plaintiff sustained a compensable injury in the course and scope of his employment with defendant, as a result of which he was rendered paraplegic. At the time of his injury, plaintiff was 19 years old and was earning $135.20 per week. Pursuant to a Form 21 agreement approved by the Industrial Commission on 6 August 1980, defendant has paid plaintiff workers' compensation benefits for total disability in the amount of $90.14 per week, as well as medical expenses related to his injury, from the time of the accident to the present. In addition, after plaintiff's injury, defendant paid approximately $40,250.00 for modifications to plaintiff's parents' home to make it accessible for his use.

In 1982, plaintiff moved from his parents' home to a handicapped accessible apartment where he lived for approximately eight and a half years. In 1989, after a substantial increase in his rent, plaintiff moved back to his parents' home and lived there until January 1991. Apparently desiring additional privacy, however, plaintiff moved to an apartment which is not adapted to accommodate his disability.

On 28 October 1989, plaintiff returned to work as a full-time permanent employee of defendant and, at the time of the hearing, was earning $17,768.00 per year. Plaintiff also works part-time conducting exercise classes at a health spa.

On 15 June 1992, plaintiff filed a motion requesting the Industrial Commission to order a life care plan to be prepared at defendant's expense to enable plaintiff to receive handicapped housing and rehabilitation services. Plaintiff had acquired land and sought financial

assistance from defendant in constructing a handicapped accessible home. Defendant opposed the motion and requested a hearing to determine whether it was obligated to finance such a plan and to provide additional handicapped housing accommodations for plaintiff. Defendant also sought to terminate plaintiff's total disability benefits since plaintiff had returned to full-time employment.

The deputy commissioner entered an opinion and award in which he denied defendant's motion to terminate plaintiff's disability benefits, and allowed in part and denied in part the benefits sought by plaintiff. Both parties appealed. The Full Commission adopted the deputy commissioner's findings and concluded plaintiff was entitled to continuing disability benefits, was not entitled to be provided with a life care plan, but was entitled to financial assistance in constructing a handicapped accessible residence. The Commission: (1) denied defendant's motion to terminate plaintiff's disability benefits; (2) ordered defendant to pay, pursuant to G.S. § 97-25, the expense of rendering the home which plaintiff plans to build accessible to his disabilities; (3) referred to mediation any disputes arising from the construction; (4) ordered defendant to pay plaintiff's attorney fees; and (5) ordered defendant to pay the fees of Dr. Cynthia Wilhelm, a medical rehabilitation expert who drafted a life care plan for plaintiff and provided expert testimony. Defendant appeals.

I.

[1] Defendant employer assigns error to the Commission's order denying its motion to terminate plaintiff's compensation benefits for temporary total disability. Defendant argues that since plaintiff has returned to full-time employment, he is no longer entitled to on-going benefits. We disagree.

At the time of plaintiff's injury, G.S. § 97-31 provided in relevant part:

> In cases included by the following schedule the compensation in each case shall be paid for disability during the healing period *and in addition the disability shall be deemed to continue for the period specified,* and shall be in lieu of all other compensation . . . to wit:

> (17) The loss of . . . both legs . . . *shall constitute total and permanent disability, to be compensated according to the provisions of G.S. 97-29. . . .*

(19) Total loss of use of a member . . . shall be considered as equivalent to the loss of such member . . . .

(emphasis added). At that time, G.S. § 97-29 provided in pertinent part:

> In cases of total and permanent disability, compensation, including reasonable and necessary nursing services, medicines, sick travel, medical, hospital, and other treatment or care of rehabilitative services shall be paid for by the employer during the lifetime of the injured employee.

(emphasis added).

"When the language of a statute is clear and without ambiguity, 'there is no room for judicial construction,' and the statute must be given effect in accordance with its plain and definite meaning." *Avco Financial Services v. Isbell*, 67 N.C. App. 341, 343, 312 S.E.2d 707, 708 (1984) (quoting *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980)). In this instance, the language of the Act is clear: G.S. § 97-31(17) provides that the loss of both legs constitutes total and permanent disability to be compensated according to G.S. § 97-29, and G.S. § 97-29 provides for lifetime benefits to the injured employee. *See Fleming v. K-Mart Corp.*, 312 N.C. 538, 547 324 S.E.2d 214, 219 (1985) (where employee suffered total loss of both legs, he was entitled under 97-31(17) to compensation for total and permanent disability in accordance with 97-29). The Commission correctly denied defendant's motion to terminate plaintiff's workers' compensation benefits.

## II.

[2] Both parties assign error to the Commission's order requiring that defendant "pay the expense and cost of rendering the home which plaintiff plans to build accessible to his disabilities." Defendant argues that it should not be required to bear any of the expense of making the residence accessible to plaintiff's handicap; by cross-assignment of error, plaintiff contends defendant should bear the entire cost of construction of a residence which would accommodate his disabilities. We affirm the opinion and award of the Commission in this regard.

On appellate review of an award of the Industrial Commission, the Commission's findings of fact are conclusive if supported by com-

petent evidence; the legal conclusions drawn by the Commission from its findings of fact, however, are fully reviewable by the appellate courts. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982). In summary, the Commission found that although, after plaintiff's injury, defendant had paid for modifications to his parents' residence in order to accommodate his disabilities, plaintiff has since become independent and self-reliant. In addition to working, he has begun to date and has friends over to visit. Plaintiff's requirements, and those of his parents, for privacy are jeopardized by his living at his parents' home. In light of the foregoing factors, the Commission found that plaintiff's needs had changed and the accommodations at his parents' home were no longer appropriate for him. Those findings are supported by competent evidence, most notably the assessment by Dr. Wilhelm, and are conclusive. The question before us is whether the Commission's finding that the accommodations at plaintiff's parents' home are no longer suitable support its conclusion that "plaintiff is entitled to have defendant pay for adding to plaintiff's new home those accessories necessary to accommodate plaintiff's disabilities."

At the time of plaintiff's injury in 1980, G.S. § 97-25 required, in relevant part: "[m]edical, surgical, hospital, nursing services, medicines, . . . rehabilitation services, *and other treatment* including medical and surgical supplies as may reasonably be required to . . . give relief . . . shall be provided by the employer." N.C. Gen. Stat. § 97-25 (1985) (emphasis added). In *Derebery v. Pitt County Fire Marshall*, 318 N.C. 192, 347 S.E.2d 814 (1986), the North Carolina Supreme Court held that an employer's duty to provide "other treatment or care" as contained in G.S. § 97-29, was sufficiently broad as to include the duty to provide handicapped accessible housing. *Id.* at 203-04, 347 S.E.2d at 821. In so holding, the Court noted the remedial purpose of the Workers' Compensation Act, and the liberal construction to be accorded its provisions. *Id.* at 199, 347 S.E.2d at 818. In our view, the words "and other treatment" contained in G.S. § 97-25 are susceptible of the same broad construction accorded the similar language of G.S. § 97-29 by the Supreme Court in *Derebery*, and we reject defendant's argument to the contrary.

We do not agree with plaintiff, however, that *Derebery* requires defendant to pay the entire cost of constructing his residence. As pointed out by Justice (later Chief Justice) Billings in her dissent in *Derebery*, the expense of housing is an ordinary necessity of life, to be paid from the statutory substitute for wages provided by the

Workers' Compensation Act. The costs of modifying such housing, however, to accommodate one with extraordinary needs occasioned by a workplace injury, such as the plaintiff in this case, is not an ordinary expense of life for which the statutory substitute wage is intended as compensation. Such extraordinary and unusual expenses are, in our view, properly embraced in the "other treatment" language of G.S. § 97-25, while the basic cost of acquisition or construction of the housing is not. Thus, we overrule both defendant's assignment of error and plaintiff's cross-assignment of error and affirm the Commission's order that defendant "pay for adding to plaintiff's new home those accessories necessary to accommodate plaintiff's disabilities."

[3] We reject also a related assignment of error by defendant that the Commission erred when it referred to mediation any "disputes which may arise with respect to the costs and building of the home contemplated by plaintiff in the event that same cannot be resolved between the parties." G.S. § 97-80(c) specifically authorizes the Commission to require parties to participate in mediation under rules adopted by it. Foreseeing that disputes might reasonably arise between the parties with respect to the construction of plaintiff's residence, and the expenses which might properly be charged to the respective parties, the Commission wisely required the parties to engage in a more expedient method of resolving such disputes than the necessity of scheduling hearings before a deputy which might prolong the construction process and increase the expense of construction.

III.

[4] Finally, defendant assigns error to those portions of the Commission's order requiring that it pay plaintiff's attorney's fees and taxing Dr. Wilhelm's charges as part of the costs. We address these claims in turn.

G.S. § 97-88 provides:

If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceed-

ings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs.

As a self-insurer, defendant is subject to the provisions of the statute. The decision of whether to award costs and attorney's fees is within the discretion of the Commission if the requirements of the statute are met. *Taylor v. J.P. Stevens Co.*, 307 N.C. 392, 298 S.E.2d 681 (1983), *Estes v. N.C. State University*, 117 N.C. App. 126, 449 S.E.2d 762 (1994). Here, defendant appealed the deputy commissioner's award to the Full Commission, which affirmed the award. Thus, the requirements of the statute were satisfied and it was within the Commission's discretion to award plaintiff the costs, including attorney's fees. We discern no abuse of that discretion.

The Commission's order, however, is unclear with respect to its taxing of Dr. Wilhelm's charges as costs. Dr. Wilhelm prepared a "life care plan" for plaintiff and also provided deposition testimony as an expert witness. While it would be proper to tax Dr. Wilhelm's fees for her testimony as a part of the costs, the Commission's order does not so limit the charges taxed to defendant as costs. Plaintiff argues defendant should be required to pay the expense of the "life care plan" which Dr. Wilhelm prepared as a necessary medical expense for rehabilitative services under G.S. § 97-25. The Commission, however, made no award for the "life care plan" under G.S. § 97-25, and such an award could not be properly characterized as costs. Moreover, defendant correctly observes that the deputy commissioner concluded that plaintiff was not presently entitled to be provided with a life care plan, a conclusion from which plaintiff has not appealed. Because we are unable to discern the Commission's intent with respect to Dr. Wilhelm's charges, we remand the matter of costs to the Industrial Commission for clarification and such further orders with respect thereto as may be proper.

Affirmed in part, remanded in part.

Chief Judge ARNOLD and Judge SMITH concur.