ROBERT E. TIMMONS, JR., EMPLOYEE, PLAINTIFF v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, EMPLOYER, SELF-INSURER, DEFENDANT

No. COA97-1230

(Filed 15 September 1998)

**1. Workers' Compensation— life care plan—mandate on remand not exceeded**

The Industrial Commission did not exceed the scope of the mandate on remand by ordering the employer to pay for a life care plan for an employee injured by an accident that rendered him a paraplegic.

**2. Workers' Compensation— issues raised by award—not assigned as error—review by Full Commission**

The Full Commission had the discretion to review issues raised by the opinion and award of the Deputy Commissioner even though no error was assigned to those issues.

**3. Workers' Compensation— life care plan—cost of preparation—payment by employer—erroneous order**

The Industrial Commission erred by ordering that defendant employer pay the cost of a medical rehabilitation expert's preparation of a life care plan for an employee who suffered a workplace accident which rendered him a paraplegic when there was no evidence that the life care plan was a medical service or other treatment reasonably necessary to effect a cure or give relief within the meaning of N.C.G.S. § 97-25 (1985).

**4. Workers' Compensation— life care plan—items not medical benefits**

The Industrial Commission erred by ordering that defendant employer pay for every item and service mentioned in a life care plan prepared by a medical rehabilitation expert for an employee injured by an accident that rendered him a paraplegic where the expert testified that the plan was created without regard to what medical benefits defendant employer would be required by law to provide to the employee, and the plan included sums for items which do not constitute medical benefits under N.C.G.S. § 97-25.

Appeal by defendant from opinion and award entered 29 July 1997 by the North Carolina Industrial Commission. Heard in the Court of Appeals 18 May 1998.

*Folger and Folger, by Fred Folger, Jr., for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General D. Sigsbee Miller, for the State.*

LEWIS, Judge.

On 3 July 1980, while plaintiff was working as an employee of defendant, he sustained an injury by accident that rendered him paraplegic. The injury was compensable under the North Carolina Workers' Compensation Act. Plaintiff and defendant entered into a Form 21 Agreement that was approved by the Industrial Commission on 6 August 1980. Pursuant to that agreement, defendant has paid plaintiff temporary total disability benefits at the rate of $90.14 per week from the date of plaintiff's injury. Defendant has also paid for all medical treatment required by plaintiff. Since 28 October 1989, plaintiff has worked forty hours per week as a permanent full-time employee of defendant. Plaintiff also works eight to twelve hours a week as an exercise instructor.

Just after the accident, defendant paid for $40,000 in modifications to the home of plaintiff's parents to make it handicapped-accessible. In 1982, plaintiff moved out of his parents' home into a handicapped-accessible apartment. He moved back with his parents in 1991 when his rent payments became too high. In January 1993, plaintiff once again moved out of his parents' house into the apartment where he lives today. This apartment is not handicapped-accessible.

On 15 June 1992, while plaintiff was still living with his parents, plaintiff filed a "Motion for Life Care Plan" with the Industrial Commission. Plaintiff alleged that he was "in need of additional care and rehabilitation including handicapped housing and rehabilitation services." Plaintiff expressed his desire "to be as independent as possible and [to] secure independent living facilities." To these ends, plaintiff asked the Industrial Commission to appoint Dr. Cynthia Wilhelm "to do a study of the plaintiff's condition and prepare a life-care plan for consideration by the Industrial Commission, all at the expense of the defendant."

By order entered 21 December 1992, the Deputy Commissioner found that plaintiff "ha[d] no definitive plan for handicapped housing and life care plan to present to the defendant for consideration." He ordered plaintiff to "present the defendant with a definitive outline of the handicapped housing and life care plan being sought by the plain-

tiff to be provided by the defendant." Plaintiff eventually submitted the life care plan and moved that the Industrial Commission order defendant to pay Dr. Cynthia Wilhelm $3,274.30 as compensation for preparing it. Plaintiff argued that defendant should pay these costs because preparation of the plan "was necessary to enable plaintiff to receive all benefits to which plaintiff is entitled because of his injury . . . including benefits and handicap housing rehabilitation services [sic]."

The Deputy Commissioner held a hearing and filed his opinion and award on 9 September 1994. It contains the following pertinent conclusion of law:

3. . . . . [I]n view of plaintiff's present stable physical condition which is good and enables him to perform his work and usual chores of life to care for himself[,] and that the provisions of Section 97-25 and 26 of the [Workers' Compensation] Act provide the plaintiff with future medical care and treatment for maintenance and emergencies which may arise in the future, **he is not entitled, at this time, to be provided by the defendant with a life care plan**.

(emphasis added). The award by Deputy Commissioner Ford provided in relevant part:

5. The defendant shall bear the costs including the charges of Dr. Cynthia L. Wilhelm.

The Deputy Commissioner's opinion and award also included the following paragraph. It appears under no heading, just before the Deputy Commissioner's "Findings of Fact":

Subsequent to the hearing on November 15, 1993, plaintiff moved that the defendant be assessed the cost of the life style plan [sic] prepared by Dr. Cynthia Wilhelm, which Motion is **allowed**.

(emphasis added). Both parties appealed to the Full Commission.

The opinion and award of the Full Commission, filed 26 May 1995, stated,

The appealing party [sic] has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, **except**

TIMMONS v. N.C. DEPT. OF TRANSPORTATION

[130 N.C. App. 745 (1998)]

**with the modification of Conclusion of Law Number 2 and Award Number 2.**

(emphasis added). In point of fact, the Full Commission's opinion and award made no change to the Deputy Commissioner's Award Number 2. Furthermore, although purporting to do otherwise, the Commission modified not only Conclusion of Law No. 2, but also Conclusion of Law No. 3. The very significant modification to Conclusion No. 3 consisted of removing the word "not":

> 3. . . . [I]n view of plaintiff's present stable physical condition which is good and enables him to perform his work and usual chores of life to care for himself[,] and that the provisions of Section 97-25 and 26 of the [Workers' Compensation] Act provide the plaintiff with future medical care and treatment for maintenance and emergencies which may arise in the future, **he *is* entitled, at this time, to be provided by the defendant with a life care plan.**

(emphasis added). In all other respects, the opinion and award of the Full Commission appears to be identical to that of the Deputy Commissioner. It provides, in Award No. 5, that "defendant shall bear the costs including the charges" of Dr. Wilhelm.

Both parties appealed to this Court. In *Timmons v. Department of Transportation*, 123 N.C. App. 456, 473 S.E.2d 356 (1996) (*Timmons I*), *aff'd per curiam*, 346 N.C. 173, 484 S.E.2d 551 (1997), we addressed defendant's contention that the Full Commission erroneously "tax[ed] Dr. Wilhelm's charges as part of the costs":

> The Commission's order . . . is unclear with respect to its taxing of Dr. Wilhelm's charges as costs. Dr. Wilhelm prepared a "life care plan" for plaintiff and also provided deposition testimony as an expert witness. While it would be proper to tax Dr. Wilhelm's fees for her testimony as part of the costs, the Commission's order does not so limit the charges taxed to defendant as costs. Plaintiff argues that defendant should be required to pay the expense of the "life care plan" which Dr. Wilhelm prepared as a necessary medical expense for rehabilitative services under G.S. § 97-25. The Commission, however, made no award for the "life care plan" under G.S. § 97-25, and such an award could not properly be characterized as costs. Moreover, defendant correctly observes that the deputy commissioner concluded that plaintiff was not presently entitled to be provided with a life care plan, a

conclusion from which plaintiff has not appealed. Because we are unable to discern the Commission's intent with respect to Dr. Wilhelm's charges, we remand the matter of costs to the Industrial Commission for clarification and such further orders with respect thereto as may be proper.

*Id.* at 463, 473 S.E.2d at 360. On remand from this Court, the Full Commission added to its opinion and award two new findings of fact: No. 9, which quoted numerous recommendations from Dr. Wilhelm's life care plan, and No. 10, which reads, "The Full Commission accepts this plan as a necessary life care plan as a result of the injuries suffered by plaintiff." The Commission also added Conclusion of Law No. 7: "Defendant shall pay for the life care plan as recommended by Dr. Cynthia Wilhelm. N.C. Gen. Stat. § 97-25." Finally, the Commission added Award No. 6:

Defendant shall pay for the life care plan as recommended by Dr. Cynthia Wilhelm. This cost will be a part of plaintiff's medical benefits. The fee for the services of Dr. Wilhelm are [sic] hereby taxed against defendant.

[1] Defendant appealed. Its first argument is that because, in *Timmons I*, this Court remanded the case to the Industrial Commission solely for clarification of the issue of Dr. Wilhelm's charges, the Commission's award of the life care plan on remand exceeded the scope of our mandate. We disagree. Our mandate in *Timmons I* instructed the Industrial Commission to clarify what it meant when it stated, "The defendant shall bear the costs including the charges of Dr. Cynthia L. Wilhelm." The Commission has followed our mandate. In its second Opinion and Award, the Commission clarified that it meant for defendant to "pay for the life care plan as recommended by Dr. Cynthia Wilhelm" as a "part of plaintiff's medical benefits."

[2] Defendant next argues that because plaintiff did not assign error to the Deputy Commissioner's conclusion that he was "not entitled . . . to be provided by the defendant with a life care plan," the Full Commission had no authority to modify that conclusion. We disagree. The Full Commission may, in its discretion, review issues raised by the opinion and award of the Deputy Commissioner even if no error was assigned to those issues. *See* N.C.I.C. Rule 801; *Brewer v. Trucking Co.*, 256 N.C. 175, 181-82, 123 S.E.2d 608, 612-13 (1962).

Finally, defendant argues that section 97-25 of the Workers' Compensation Act does not authorize the Commission's Award No. 5, that "defendant shall pay for the life care plan as recommended by Dr. Cynthia Wilhelm" as a "part of plaintiff's medical benefits," and that defendant pay the "fee for the services of Dr. Wilhelm."

The law in effect at the time of plaintiff's injury required defendant-employer to provide "[m]edical, surgical, hospital, nursing services, . . . rehabilitative services, and other treatment including medical and surgical supplies as may reasonably be required to effect a cure or give relief." N.C. Gen. Stat. § 97-25 (1985). This statute established a threshold: that medical services or other treatment be reasonably necessary before an employer is ordered to pay for them.

[3] The Commission found that the 22-page life care plan was "necessary . . . as a result of the injuries suffered by plaintiff." Plaintiff has not directed us to any evidence that supports this finding, and we find none. Because there was no evidence that the life care plan was a medical service or other treatment reasonably necessary to effect a cure or give relief, the Commission erred when it ordered defendant to pay Dr. Wilhelm for the costs of its preparation.

[4] Judging from their briefs, both parties interpret the Commission's order that defendant "pay for the life care plan" as requiring not only that defendant pay for Dr. Wilhelm's *preparation* of the plan, but also that defendant pay for every item and service mentioned in the plan itself. If this is what the Commission intended, it erred.

Dr. Wilhelm herself testified that the plan was created without regard to what medical benefits defendant would be required by law to provide plaintiff. The plan reflects this. For example, it states that because plaintiff likely would have been a teacher or coach had he not been rendered paraplegic in 1980, "[c]ompensation for loss of wages between a teacher/coach job level and a Transportation Aid I from 1988 through 1993 is required. This difference is estimated at $32,910.00." Obviously, plaintiff could not recover such a sum as a medical benefit under G.S. 97-25 or any other provision of the Workers' Compensation Act. In addition, the plan states that "Mr. Timmons will require the purchase of an adaptive home to ensure his independence and maximal development as an adult." We have previously rejected the argument that G.S. 97-25 requires defendant to pay the entire cost of constructing plaintiff's residence. *Timmons I*, 123 N.C. App. at 461-62, 473 S.E.2d at 359. Further, the plan states that it is necessary that a specially-equipped van be purchased for plaintiff.

Such a purchase cannot be charged to defendant under G.S. 97-25. *See McDonald v. Brunswick Electric Membership Corp.*, 77 N.C. App. 753, 757, 336 S.E.2d 407, 409 (1985).

As these examples demonstrate, the Commission erred to the extent that its ordering defendant to "pay for the life care plan" was an order to provide plaintiff with each and every item and service mentioned therein. We reverse the opinion and award of the Full Commission filed 29 July 1997 insofar as it requires defendant to pay Dr. Wilhelm for preparation of the life care plan, and insofar as it requires defendant to pay for the items and services mentioned therein. In all other respects, the opinion and award is affirmed.

Affirmed in part and reversed in part.

Judges MARTIN, John C. and SMITH concur.