ROBERT E. TIMMONS, JR., EMPLOYEE, PLAINTIFF v. NORTH CAROLINA DEPART-MENT OF TRANSPORTATION, EMPLOYER, SELF-INSURER, DEFENDANT

No. COA97-1230

(Filed 16 February 1999)

**Workers' Compensation— life care plan—costs—consideration on remand**

The Court of Appeals affirmed its prior holding in light of the holding in *Adams v. AVX Corp.*, 349 N.C. 676, where the only part of the prior Court of Appeals decision impacted by Adams is the denial of preparation costs for a life care plan, Adams requires a court to defer to the Commission's findings only when there is some shard of evidence in support thereof, and there was no competent evidence to support the award in this case.

Reconsidered in light of *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998) pursuant to 30 December 1998 order of the North Carolina Supreme Court. Originally heard in Court of Appeals 18 May 1998.

*Folger and Folger, by Fred Folger, Jr., for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General D. Sigsbee Miller, for the State.*

LEWIS, Judge.

The Supreme Court ordered that we reconsider our decision of 15 September 1998 in *Timmons v. North Carolina Dep't of Transp.*, 130 N.C. App. 745, 504 S.E.2d 567 (1998) (*Timmons II*), in light of its holding in *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998). We have reconsidered the issues presented, and we affirm our prior decision.

This Court now reviews this case for the third time. At issue has been whether preparation and/or implementation of a "Life Care Plan" for the paraplegic plaintiff should be covered as a necessary medical expense under the Workers Compensation Statute as it existed at the time of plaintiff's injury. *See* N.C. Gen. Stat. § 97-25 (1985). To begin, both parties appealed the North Carolina Industrial Commission's 26 May 1995 award. In the first appeal, this Court remanded the award to the Commission for clarification of whether charges for the preparation of the plan were intended to be taxed as costs to the defendant. *See Timmons v. Dep't of Transp.*, 123 N.C. App. 456, 473 S.E.2d 356 (1996) (*Timmons I*), *aff'd per curiam*, 346 N.C. 173, 484 S.E.2d 551 (1997). After the initial remand and clarification, defendant appealed from an opinion and award entered 29 July 1997 by the Commission which ordered defendant to pay for the costs of the plan and seemed to indicate that it also should pay for each item listed within the plan. *See Timmons II*, 130 N.C. App. at 749, 504 S.E.2d at 570. On appeal in *Timmons II*, defendant assigned three errors from the Commission's award. We now must review our holdings on each of the *Timmons II* questions in light of *Adams*.

*Adams* addresses a standard of review question; it indicates that if there is any competent evidence within the record to support the Commission's findings of facts, such findings are conclusive on appeal. *See Adams*, 349 N.C. at 681, 509 S.E.2d at 414. The Commission need not defer to the Deputy's determination of credibility; it is free to reassess the record and make its own determination virtually *de novo*. *See id.* at 680-81, 509 S.E.2d at 413. *Adams* indicates that this Court must uphold the Commission's findings if there is a scintilla of evidence supporting them. *See id.* at 681, 509 S.E.2d at 414.

In *Timmons II*, defendant first contended that because the case was remanded solely for clarification of the costs issue, an award of the plan itself was beyond the scope of the Court's mandate. We disagreed, and the recent *Adams* decision has no bearing on this issue.

TIMMONS v. N.C. DEP'T OF TRANSP.

[132 N.C. App. 377 (1999)]

Second, defendant argued that the Commission could not modify a conclusion to which no error was assigned by plaintiff. Again, we disagreed, and *Adams* has no bearing on this issue either. Finally, defendant argued that the Workers Compensation Act does not authorize the award of the costs of preparing the life care plan or the implementation of the plan itself. We agreed, saying that costs could not be awarded since "[p]laintiff has not directed us to any evidence that supports this finding, and we find none." *Timmons II*, 130 N.C. App. at 750, 504 S.E.2d at 570. We held that "[b]ecause there was no evidence that the life care plan was a medical service or other treatment reasonably necessary to effect a cure or give relief, the Commission erred when it ordered defendant to pay Dr. Wilhelm for the costs of [the plan's] preparation." *Id.*

We further held that although it was unclear whether the Commission intended to do so, the Commission was prohibited by law from awarding the substance of the plan to plaintiff. The Commission may have ordered the plan as a whole be awarded to plaintiff, but since parts of the plan clearly are outside statutory authority, we disapproved any such reading of the Commission's award. *See id.* Our denial of the implementation of the plan was grounded not in a lack of evidence but rather in a lack of statutory authorization for at least some of the items requested. As such, the only part of our *Timmons II* decision impacted by *Adams* is the denial of the plan preparation costs to the plaintiff.

In *Timmons II* we found "there was **no evidence** that the life care plan was a medical service or other treatment reasonably necessary to effect a cure or give relief." *Id.* (emphasis added). *Adams* requires a Court to defer to the Commission's findings only when there is some shard of evidence in support thereof. Because there is *no* competent evidence to support the award of costs of preparation of the life care plan, we affirm our prior holding.

Affirmed.

Judges MARTIN and SMITH concur.