ROBERT E. TIMMONS, JR., Employee v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Employer, Self-Insurer

No. 470PA98-2

(Filed 3 December 1999)

**Workers' Compensation— life care plan—preparation costs— payment by employer**

There was some competent evidence in the record to support a finding by the Industrial Commission that preparation of a life care plan was a rehabilitative service necessary to give relief to the paraplegic claimant within the meaning of N.C.G.S. § 97-25, and the Commission did not err by ordering that defendant employer pay for the preparation of the life care plan.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 132 N.C. App. 377, 511 S.E.2d 659 (1999), affirming its holding in a prior decision of this case reported at 130 N.C. App. 745, 504 S.E.2d 567 (1998), in which it affirmed in part and reversed in part a decision of the Industrial Commission entered 29 July 1997. Heard in the Supreme Court 20 September 1999.

*Folger and Folger, by Fred Folger, Jr.; and Francisco and Merritt, by George E. Francisco, for plaintiff-appellant.*

*Michael F. Easley, Attorney General, by William H. Borden and D. Sigsbee Miller, Assistant Attorneys General, for defendant-appellee.*

FRYE, Chief Justice.

This case arises from proceedings before the Industrial Commission. Plaintiff requested that the Commission order preparation of a "life care plan" to evaluate plaintiff's condition and rehabilitative needs at defendant's expense pursuant to N.C.G.S. § 97-25. Ultimately, the full Commission found that the life care plan was necessary as a result of the injuries suffered by plaintiff. For the reasons stated herein, we conclude that there is some competent evidence in the record to support the Commission's findings, and accordingly, we reverse the Court of Appeals' decision to the contrary.

Plaintiff was rendered paraplegic from a compensable spinal cord injury in the course and scope of his employment on 3 July 1980. Pursuant to a Form 21 agreement approved by the Industrial Commission, defendant paid plaintiff's disability benefits and a majority of plaintiff's medical expenses. Defendant also paid for modification of plaintiff's parents' home to make it handicapped-accessible.

In 1992, plaintiff sought additional care and rehabilitation services including independent handicapped housing accommodations. He filed a "Motion for Life Care Plan" with the Industrial Commission requesting an order for the preparation of a life care plan at defendant's expense pursuant to N.C.G.S. § 97-25. Defendant thereafter sought to terminate plaintiff's total disability benefits because plaintiff had returned to full-time employment.

The deputy commissioner ordered plaintiff to "present to the defendant a definite outline of the Handicap Housing and Life Care Plan being sought by the plaintiff." Plaintiff submitted a life care plan prepared by Dr. Cynthia Wilhelm and further moved that the Industrial Commission order defendant to compensate Dr. Wilhelm $3,274.30 for preparing the plan.

The deputy commissioner entered an opinion and award that denied defendant's motion to terminate plaintiff's disability benefits; denied plaintiff's motion for a life care plan; but ordered that defend-

ant bear the costs of handicapped housing, attorney's fees, and Dr. Wilhelm's charges. Both parties appealed to the full Commission.

The full Commission found that the life care plan was necessary as a result of the injuries suffered by plaintiff. The Commission decided that plaintiff was entitled to the life care plan and, in all other respects, adopted the opinion and award of the deputy commissioner. Defendant appealed to the Court of Appeals.

The Court of Appeals affirmed in part the Commission's order and remanded in part to the full Commission for clarification of the question of payment of Dr. Wilhelm's fee. *Timmons v. N.C. Dep't of Transp.*, 123 N.C. App. 456, 461, 473 S.E.2d 356, 360 (1996), *aff'd per curiam*, 346 N.C. 173, 484 S.E.2d 551 (1997).

On remand, the full Commission made new findings of fact and conclusions of law. The Commission entered an amended opinion and award accepting the life care plan as a necessary plan and ordering defendant to pay for the plan.

Defendant appealed, and the Court of Appeals found no evidence to support the Commission's findings. *Timmons v. N.C. Dep't of Transp.*, 130 N.C. App. 745, 504 S.E.2d 567 (1998). The Court of Appeals determined that there was "no evidence that the life care plan was a medical service or other treatment reasonably necessary to effect a cure or give relief" and thus reversed the opinion and award insofar as it required defendant to pay for the preparation of the life care plan and services mentioned therein.

On 30 December 1998, this Court allowed plaintiff's petition for discretionary review for the limited purpose of remanding the case to the Court of Appeals for reconsideration in light of *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998). Upon reconsideration, the Court of Appeals affirmed its prior holding that there was no competent evidence to support the award of the costs of preparation of the life care plan and services therein. *Timmons v. N.C. Dep't of Transp.*, 132 N.C. App. 377, 511 S.E.2d 659 (1999).

This Court allowed plaintiff's petition for discretionary review solely to decide the issue of whether defendant is required to pay Dr. Wilhelm for preparation of the life care plan.

At the time of plaintiff's injury in 1980, N.C.G.S. § 97-31 provided in relevant part:

(17) The loss of . . . both legs . . . shall constitute total and permanent disability, to be compensated according to the provisions of G.S. § 97-29 . . . .

. . . .

(19) Total loss of use of a member . . . shall be considered as equivalent to the loss of such member . . . .

N.C.G.S. § 97-31 (1979) (amended 1987). At that time, N.C.G.S. § 97-29 provided:

In cases of total and permanent disability, compensation, including reasonable and necessary nursing services, medicines, sick travel, medical, hospital, and other treatment or care or rehabilitative services shall be paid for by the employer during the lifetime of the injured employee.

N.C.G.S. § 97-29 (1979) (amended 1981). In addition, at that time, N.C.G.S. § 97-25 required in pertinent part that the employer provide

[m]edical, surgical, hospital, nursing services, . . . rehabilitation services, and other treatment including medical and surgical supplies as may reasonably be required to effect a cure or give relief . . . .

N.C.G.S. § 97-25 (1979) (amended 1991). Citing N.C.G.S. § 97-25, the full Commission accepted the life care plan as necessary as a result of the injuries suffered by plaintiff and ordered defendant to pay for the plan.

In its amended opinion and award, the Commission made numerous findings of fact including:

6. From 1982, when he began to work part-time for the defendant, until 1989, when he began to work full-time, the plaintiff was living alone in handicapped accessible housing under circumstances of independence in which he developed and became a responsible working member of society. Subsequent thereto upon returning to his parents['] home, because of the rent increase occurring at that time, his privacy as well as that of his parents, has been jeopardized. Although handicapped accommodations had earlier, prior to 1982, been made there by the defendant, the accommodations were no longer appropriate to the plaintiff's more independent and responsible lifestyle which

he had developed after returning to work full-time. For that reason in January of 1991, plaintiff moved to an apartment which provided privacy but which was not adapted to his particular disability needs.

7. Plaintiff has now advanced to a stage in life in which he needs a home and the quality of life to be derived therefrom and is requesting the help of the defendant under the provisions of the North Carolina Workers' Compensation Act to continue the assistance therein provided.

. . . .

9. Dr. Cynthia L. Wilhelm, Ph.D., strongly recommended the development of a Life Care Plan for plaintiff. . . .

. . . .

10. The Full Commission accepts this plan as a necessary life care plan as a result of the injuries suffered by plaintiff.

In *Adams v. AVX Corp.*, this Court stated:

"The findings of fact by the Industrial Commission are conclusive on appeal if supported by any competent evidence." *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977). Thus, on appeal, this Court "does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Anderson[ v. Lincoln Constr. Co.]*, 265 N.C. [431,] 434, 144 S.E.2d [272,] 274[ (1965)].

N.C.G.S. § 97-86 provides that "an award of the Commission upon such review, as provided in G.S. § 97-85, shall be conclusive and binding as to all questions of fact." N.C.G.S. § 97-86 (1991). As we stated in *Jones v. Myrtle Desk Co.*, 264 N.C. 401, 141 S.E.2d 632 (1965), "[t]he findings of fact of the Industrial Commission are conclusive on appeal when supported by competent evidence, even though there be evidence that would support findings to the contrary." *Id.* at 402, 141 S.E.2d at 633.

*Adams*, 349 N.C. at 681, 509 S.E.2d at 414. This Court must accept the Commission's findings of fact if there is any competent evidence to support those findings.

While preparation of a life care plan is not necessary in all workers' compensation cases, the record before us contains competent evidence to support the Commission's finding that a life care plan was necessary as a result of the injuries suffered by plaintiff in this case.

Dr. Wilhelm, a rehabilitation expert who teaches at the University of North Carolina School of Medicine, explained that a life care plan is a plan "to evaluate what [plaintiff's] needs would be presently and what his needs would be in the future." In her deposition, Dr. Wilhelm strongly recommended the development of a life care plan to evaluate plaintiff's present and future needs. She further testified that spinal cord injuries require constant monitoring of bowel/bladder, skin, orthopedic issues, neurological issues, and respiratory issues, as well as physical therapy and occupational therapy, and that plaintiff had not been examined by a neurologist or orthopedist since his discharge from the rehabilitation center in 1980. She further stated that plaintiff had not been followed on a regular basis other than urologically, and even that was sporadic. We believe this evidence was sufficient to support a finding by the Commission that preparation of a life care plan was a rehabilitative service necessary to give relief to the paraplegic claimant within the meaning of N.C.G.S. § 97-25.

An appellate court does not weigh the evidence in order to make new findings; rather, it is bound by the Commission's findings of fact when there is any evidence to support those findings, even though the evidence may well support contrary findings. Here, the record contains some competent evidence to support the Commission's finding that the life care plan was necessary as a result of the injury to plaintiff in this case. Therefore, the Court of Appeals erred by rejecting this finding and overruling the Commission.

REVERSED.