MARY L. BRICE, Employee, Plaintiff-Appellant v. SHERATON INN, Employer, SELF-INSURED (Compsource), Servicing Agent, Defendant-Appellees

No. COA99-418

(Filed 21 March 2000)

1. **Workers' Compensation— credibility—determination by full Industrial Commission**

Although this workers' compensation case was previously remanded to the Industrial Commission because the Commission failed to accord deference to the deputy commissioner's determinations of credibility, the North Carolina Supreme Court has since determined that the Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony under N.C.G.S. § 97-85, and this rule is to be applied retroactively to cases remanded by the Court of Appeals to the Industrial Commission.

BRICE v. SHERATON INN

[137 N.C. App. 131 (2000)]

**2. Workers' Compensation— burden of proof—temporary total disability—permanent total disability**

Even though the Industrial Commission found plaintiff-employee to be temporarily totally disabled in a workers' compensation case, it did not err by placing on plaintiff the burden of proving permanent total disability because it is plaintiff's burden to establish both temporary total disability and permanent disability.

Appeal by plaintiff from Opinion and Award entered 25 January 1999 by the North Carolina Industrial Commission. Heard in the Court of Appeals 11 January 2000.

*Robert J. Willis for plaintiff-appellant.*

*Lewis & Roberts, P.L.L.C., by Timothy S. Riordan and Brian D. Lake, for defendant-appellees.*

EDMUNDS, Judge.

Plaintiff appeals the finding of the Industrial Commission that, although plaintiff was temporarily totally disabled, she was not permanently totally disabled. We affirm.

In 1990, plaintiff Mary L. Brice (Brice), then fifty years old, began working for defendant-employer Sheraton Inn (Sheraton). Her duties required her to perform repetitive tasks with her hands, including retrieving and sorting soiled towels and linens; loading commercial-size washers and dryers; ironing, folding, and stacking hotel laundry; transporting the pressed and folded laundry to another room; cleaning and straightening the work area; and dispensing clean towels, linens, and soap to room attendants. Although she was promoted to laundry supervisor, she continued to perform her regular duties while overseeing the work of other employees assigned to the laundry area.

On 11 January 1995, plaintiff felt a "pop" in her right wrist as she was removing wet linen from a washing machine at work. She reported the incident to her supervisor, but continued to work despite growing pain and swelling in her right hand. Because of the recurrent pain, plaintiff relied increasingly on her left hand. As a result, plaintiff began experiencing pain in her left wrist and thumb. On 3 March 1995, plaintiff sought medical treatment for her injury. Physical therapy was recommended. Plaintiff resigned from her job

with Sheraton on 24 April 1995 for reasons unrelated to the condition of her hands.

Plaintiff continued to experience pain and swelling in her hands despite physical therapy. Thereafter, she was diagnosed with chronic bilateral de Quervain tenosynovitis and left trigger thumb, conditions resulting from the repetitive nature of her work while employed with Sheraton. She filed a Form 18 "Notice of Accident to Employer" on 3 May 1995, but her claim was denied. An orthopedist, Dr. Wallace Andrew, examined plaintiff and later performed surgery on her left hand. Dr. Andrew released plaintiff to return to work without restriction as of 28 August 1995.

Plaintiff's case initially was heard before a deputy commissioner on 5 December 1995. In an opinion and award filed 4 February 1997, the deputy commissioner found that plaintiff had suffered a compensable injury and was entitled to receive temporary total disability at the weekly rate of $177.43 from 9 May 1995 until further order from the full Commission. Both parties appealed the decision of the deputy commissioner.

On 29 July 1997, the case was reviewed by the full Commission, which filed an opinion and award on 25 August 1997. The Commission concluded that plaintiff had suffered a compensable injury and was entitled to receive temporary total disability at the weekly rate of $182.21 from 9 May 1995 until 28 August 1995, the date on which Dr. Andrew released plaintiff to work without restriction. Additionally, the Commission found plaintiff to be ten percent permanently partially disabled in her left hand and seven percent in her right. The Commission concluded that plaintiff failed to show that she was permanently and totally disabled.

Plaintiff appealed the full Commission's opinion and award to this Court. In her appeal, she contended the Commission erred by rejecting the deputy commissioner's determination of plaintiff's credibility, by arbitrarily according greater weight to the testimony of one expert over that of other experts, and by incorrectly shifting the burden of proof to plaintiff. This Court, relying on *Sanders v. Broyhill Furniture Industries*, 124 N.C. App. 637, 478 S.E.2d 223 (1996), vacated the opinion and award of the Commission and remanded "for entry of a new opinion and award wherein the Commission demonstrates it has applied the rule according deference to the deputy commissioner's determinations of credibility." *Brice v. Sheraton, Inc.*, 131 N.C. App. 335, 511 S.E.2d 47 (1998) (unpublished table decision).

Additionally, we held that the Commission's "solitary finding based upon the deposition testimony of Dr. Andrew [did not] justif[y] its conclusion of law that 'plaintiff has failed to show by the greater weight of the credible evidence . . . that she is totally and permanently disabled . . . .' " *Id.* (omissions in original).

On remand, the Commission again found plaintiff totally disabled from 9 May through 28 August 1995, but not thereafter. The Commission additionally found that greater weight should be given to the testimony of Dr. Andrew regarding plaintiff's ability to return to work. Plaintiff again appeals.

I.

[1] Plaintiff first contends the Commission erred in finding that she was not totally and permanently disabled after 28 August 1995. Because the Commission's finding is based upon the testimony of Dr. Andrew, plaintiff's contention is that the Commission failed to follow our directive, pursuant to *Sanders*, 124 N.C. App. 637, 478 S.E.2d 223, to give deference to the credibility findings of the deputy commissioner, who found plaintiff credible. Although plaintiff concedes that *Sanders* was overruled by our Supreme Court's decision in *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999), she argues that she and others similarly situated have "prejudicially relied upon the validity of *Sanders*" and thus *Adams* should not be applied retroactively to the case at bar.

Although this precise issue has not yet been presented to our courts, we consistently have applied *Adams* to cases decided by the Commission prior to the *Adams* ruling. *See, e.g., Hauser v. Advanced Plastiform, Inc.*, 133 N.C. App. 378, 514 S.E.2d 545 (1999) (applying *Adams* to 1998 opinion and award); *Foster v. Carolina Marble and Tile Co.*, 132 N.C. App. 505, 513 S.E.2d 75 (1999) (finding plaintiff's reliance on *Sanders* misplaced due to Supreme Court's decision in *Adams*), *disc. review denied*, 350 N.C. 830, —— S.E.2d —— (1999); *Pittman v. International Paper Co.*, 132 N.C. App. 151, 510 S.E.2d 705 (same), *aff'd per curiam*, 351 N.C. 42, 519 S.E.2d 524 (1999). More important, implicit in the Supreme Court's orders to this Court to reconsider cases in light of *Adams* is the directive that *Adams* apply retroactively. *See Deese v. Champion Int'l Corp.*, 133 N.C. App. 278, 515 S.E.2d 239 (on remand from Supreme Court for reconsideration in light of *Adams*), *disc. review allowed*, 350 N.C. 828, —— S.E.2d —— (1999); *Timmons v. N.C. Dep't of Transp.*, 132 N.C. App. 377, 511

S.E.2d 659 (same), *rev'd on other grounds*, 351 N.C. 177, 522 S.E.2d 62 (1999); *see also Dunleavy v. Yates Construction Co.*, 106 N.C. App. 146, 416 S.E.2d 193 (1992). Finally, retroactive application of *Adams* is consistent with the long-settled principle that "a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation." *Mason v. Cotton Co.*, 148 N.C. 492, 510, 62 S.E. 625, 632 (1908). Therefore, we hold that *Adams* is to be applied retroactively to cases remanded by this Court to the Industrial Commission.

Retroactive application of *Adams* resolves the issue presented by plaintiff. *Adams* stated the function of the Industrial Commission and of this Court in considering and reviewing workers' compensation claims:

> Under our Workers' Compensation Act, "the Commission is the fact finding body." "The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony."
>
> Whether the full Commission conducts a hearing or reviews a cold record, N.C.G.S. § 97-85 places the ultimate fact-finding function with the Commission—not the hearing officer. It is the Commission that ultimately determines credibility, whether from a cold record or from live testimony. Consequently, in reversing the deputy commissioner's credibility findings, the full Commission is not required to demonstrate, as *Sanders* states, "that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer of the witness when that observation was the only one." . . .
>
> . . . .
>
> "The findings of fact by the Industrial Commission are conclusive on appeal if supported by any competent evidence." Thus, on appeal, this Court "does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding."

*Adams*, 349 N.C. at 680-81, 509 S.E.2d at 413-14 (internal citations omitted).

On remand, the Commission reviewed the evidence and concluded that Dr. Andrew's testimony was the most credible. Paragraph 12 of the Commission's fact findings states:

The Full Commission reviewed and considered the testimony of Dr. Leonard Nelson, Dr. Andrew Jones, and Dr. Wallace Andrew. The Full Commission gives greater weight to the testimony of Dr. Andrew and finds that plaintiff was released and able to return to work with no restrictions on 28 August 1995. Plaintiff was unable to earn wages in the same employment or in any other employment from 9 May 1995 through 28 August 1995. To the extent that this finding contradicts plaintiff's testimony, that testimony is found to be not credible.

The record is replete with competent evidence to support the Commission's finding. This assignment of error is overruled.

## II.

[2] Plaintiff next contends the Commission erred in placing on plaintiff the burden of proving ongoing disability.

In worker's compensation cases, plaintiff has the initial burden of proving that he suffers from a disability as a result of a work-related injury. "Disability" is a technical term, meaning that because of a workplace injury the employee suffers from an "incapacity . . . to earn the wages which the employee was receiving at the time of the injury in the same or any other employment."

*Coppley v. PPG Industries, Inc.*, 133 N.C. App. 631, 634, 516 S.E.2d 184, 186 (1999) (internal citations omitted) (omission in original). A plaintiff may meet his or her burden of establishing disability in one of four ways:

(1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.

*Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (internal citations omitted). Once a plaintiff

establishes his or her disability, a presumption arises that the disability continues until the employee returns to work at wages equal to those he or she was receiving at the time of injury. *See Snead v. Carolina Pre-Cast Concrete, Inc.*, 129 N.C. App. 331, 499 S.E.2d 470, *cert. denied*, 348 N.C. 501, 510 S.E.2d 656 (1998). At that point, "the burden [] shifts to the employer to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a job at pre-injury wages." *Coppley*, 133 N.C. App. at 635, 516 S.E.2d at 187 (citation omitted).

In the case at bar, the Commission reviewed the evidence presented and found that plaintiff was temporarily and totally disabled from 5 May to 28 August 1995. The Commission further held that plaintiff had failed to establish that she suffered *permanent* total disability after 28 August 1995, the date she was released to work without restriction by her orthopedist. Plaintiff argues that because the Commission found her to be temporarily totally disabled, the Commission erred by requiring that she bear the additional burden of establishing her permanent total disability. However, we previously have held that it is the plaintiff's burden to establish both temporary total disability and permanent disability. *See Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 472 S.E.2d 382 (1996). In the case at bar, plaintiff met her burden of proving temporary total disability. However, the Commission also properly placed the initial burden of proof on plaintiff to prove that she was permanently and totally disabled after the date she was released to work without restriction. When plaintiff failed to meet that burden, the inquiry ended; no burden passed to defendant to refute a claim of permanent and total disability. There was competent evidence to support the Commission's conclusion. This assignment of error is overruled.

Affirmed.

Judges GREENE and LEWIS concur.