The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Young and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with modification of the Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. ITT Hartford was the carrier on the risk at all relevant times herein.
4. The parties stipulated to a report by Judith A. Stiles-Farkas.
5. The parties stipulated to all of plaintiffs medical rehabilitation reports and medical records.
6. Judicial notice was taken of all previous Orders of the North Carolina Industrial Commission in this case.
7. The issue before the Deputy Commissioner was whether plaintiff is entitled to reasonable accommodations to her home and vehicle necessitated by her handicap/disabilities resulting from her compensable injury by accident of February 8, 1994.
8. The issues on appeal are the Deputy Commissioners award of a specific amount for the accommodations to plaintiffs home and the relocation of plaintiff during the renovations, if necessary.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows
 FINDINGS OF FACT
1. On May 1, 1998, Deputy Commissioner Edward Garner filed an Opinion and Award in this matter finding that on February 8, 1994, plaintiff-employee sustained an injury by accident to her back and ultimately to her knees. These injuries led to a partial amputation of her left leg and a total right knee replacement.
2. At the time of the hearing before Deputy Commissioner Young on October 17, 2000, plaintiff was 47 years old and used an electric wheelchair, as medically recommended since February 2000.
3. In March 1999, plaintiff had surgery to her left shoulder for injuries she sustained from a fall at home when she slipped while on her crutches. At that time, plaintiffs prosthesis had not yet been authorized by defendant.
4. Nurse Judith A. Stiles-Farkas is a registered nurse with certifications in case management, life care planning and environmental access consulting. After visiting plaintiffs home and performing an environmental access evaluation, Nurse Stiles-Farkas determined that the home is unsafe for plaintiff. Specifically, Nurse Stiles-Farkas stated, among other things, that: 1) the door widths will not accommodate wheelchair access; 2) the kitchen flooring is not non-slip tile or hardwood; 3) neither the master bathroom nor the second bathroom can accommodate a wheelchair and neither of the bathroom doors will allow wheelchair access into the bathroom; 4) there are no grab bars in the master bathroom and only one in the shower stall of the second bathroom; 5) plaintiffs driveway is gravel and uneven; and 6) the home is carpeted throughout with uneven seams.
5. Nurse Stiles-Farkas also stated that plaintiffs wheelchair is too small for her and that the wheelchair should be fitted specifically for plaintiff.
6. Dr. Cynthia Wilhelm, a rehabilitation expert, also evaluated plaintiffs home. Notwithstanding the fact that she disagrees in part with Nurse Stiles-Farkas proposal to make plaintiffs home safe, Dr. Wilhelm stated that it is currently treacherous for plaintiff to live in a home without handicapped accessible exits.
7. Dr. T. Parker Vail, an orthopaedist, stated that Nurse Stiles-Farkas recommendations are reasonable and would be helpful in facilitating plaintiffs safe entry, exit and movement about her home. Moreover, Dr. Vail stated that plaintiff needs reasonable accommodations to help plaintiff tend to her basic human needs, particularly since plaintiff has a permanent requirement for a wheelchair.
8. At the hearing before Deputy Commissioner Young, plaintiff testified that she needs use of a wheelchair at home because she cannot use her prosthesis all of the time. Plaintiff further testified that although she can drive, her vehicle has no wheelchair lift and her driving is therefore limited.
9. Plaintiff currently resides in a home she is in the process of purchasing.
10. Nurse Stiles-Farkas Evaluation and Proposal in its entirety addresses the necessary modifications that are reasonably appropriate to effect the reasonable accommodations required to allow plaintiff to tend to her basic needs.
11. The competent evidence in the record establishes that plaintiffs home is treacherous and unsafe for her to enter, to move about and to exit out of, and that as a result of the compensable injury reasonable accommodations are required to allow plaintiff to tend to her basic human needs.
12. Due to the extensive renovations and modifications required to make plaintiffs home handicap accessible, there may be times during the renovations when plaintiff is unable to reside in the home. However, the record contains no evidence concerning the time period, if any, when plaintiff may be unable to continue to reside in her home or the cost of alternative housing.
13. The evidence of record contains no estimation by a local contractor of the cost of the recommended renovations to plaintiffs home or the time needed to complete these improvements. The only evidence presented on the cost of improvements was based upon estimates prepared by Ms. Stiles-Farkas using three national sources.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to have defendants pay for the reasonable accommodations and modifications to the plaintiffs home and vehicle which are necessary to accommodate plaintiffs disabilities. N.C. Gen. Stat.97-25; Timmons v. North Carolina Department of Transportation,123 N.C. App. 456, 473 S.E.2d 356 (1996).
2. Plaintiff is entitled to have defendants pay for the reasonable relocation of plaintiff due to the renovations of plaintiffs home, if necessary. This is not an ordinary need of life for which the statutory substitute wage is intended as compensation. Id.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following
 AWARD
1. Defendants shall pay for the reasonable accommodations and modifications to plaintiffs home which are necessary to accommodate plaintiffs disabilities as described in Findings of Fact Number 4 through 8 and in further detail in Nurse Stiles-Farkass Evaluation and Proposal. Defendants are hereby ORDERED, within 60 days of this Opinion and Award, to obtain estimates from, and finalize a contract with a local building contractor for the renovations and modifications to plaintiffs residence. The home renovations shall be completed by the contractor on an expedited basis.
2. Defendants shall pay for an electric wheelchair specifically fitted for plaintiff and for a wheelchair carrier attachment for plaintiffs vehicle.
3. Defendants shall pay for the relocation of plaintiff to alternative housing for a reasonable time if necessary due to the renovations at plaintiffs residence.
4. Defendants shall pay the costs due the Commission.
This the ___ day of May, 2001.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER
LKM/mhb