I concur in the majority's decision in almost all respects, but I must respectfully dissent from the majority's award that requires defendants to pay all of plaintiff's rental expenses for a handicapped accessible apartment. I believe that a more equitable and reasonable result is to require plaintiff to *Page 28 
contribute some portion of his indemnity compensation toward payment of rent.
It is my understanding that the typical scenario in workers' compensation cases involving catastrophic injuries, where the plaintiff previously resided in rental housing, is to order that handicapped accessible housing be provided. See Derebery v. Pitt County FireMarshall, 318 N.C. 192, 347 S.E.2d 814 (1986). In that circumstance, it appears that the parties have then been able to reach agreement on a reasonable division of the rental expense. Unfortunately in the case before us, the parties have candidly acknowledged that they are unable to reach agreement on the issue of payment of rent.
The Court of Appeals in Timmons v. N.C. Dep't of Transp.,123 N.C. 456, 461-62, 473 S.E.2d 356, 359 (1996), aff'd percuriam, 346 N.C. 173, 484 S.E.2d 551 (1997), stated that the expense of housing is an ordinary necessity of life to be paid from the statutory substitute for wages, which means from an injured worker's indemnity compensation. Plaintiff in this case paid rent for modest housing prior to his compensable injury and reasonably should be required to contribute some portion of his indemnity compensation toward his rent after the injury by accident. In calculating the appropriate amount, it should be recognized that plaintiff is only receiving 2/3 of his pre-injury wages, and 1/4 of that amount is being paid, not to plaintiff himself, but to his attorneys. He will never again be able to earn the wages he was earning prior to his catastrophic injury. The application of this/* principle appears analogous to the treatment of utility bills in catastrophic cases. Utility bills associated with rented living space are typically paid by the plaintiff after moving into handicapped accessible housing, just as they were when plaintiff resided is a non-handicapped accessible housing. To the extent plaintiff contributed to rental housing prior to the injury, it would appear that some contribution (which recognizes plaintiff's reduced income) would be appropriate after injury.
For the foregoing reasons, I must respectfully dissent in part from the opinion of the majority in this case.
 S/___________________ LINDA CHEATHAM COMMISSIONER