***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Phillips, along with the briefs and arguments on appeal. The Full Commission REVERSES IN PART the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner on 5 June 2001 as:
 STIPULATIONS
1. All parties are properly before the Commission and that the Commission has jurisdiction over the parties and over the subject matter.
2. The date of injury was June 14, 1998.
3. All parties are subject to the Act, and an employer-employee relationship existed between Plaintiff-Employee and Defendant-Employer on June 14, 1998.
4. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
5. It is stipulated that insurance coverage for the injuries alleged herein was at the time of the alleged accident in effect.
6. There are no issues as to wage compensation.
 ***********
Based upon all the evidence adduced from the record, the undersigned makes the following additional:
 FINDINGS OF FACT
1. Plaintiff was 63 years old at the time of the Deputy Commissioner hearing and has a seventh grade education.
2. On June 13, 1998 plaintiff was employed by Defendant-Employer as a truck driver. On that date plaintiff sustained serious and permanent injuries when the truck in which he was riding went off the road and crashed while being driven by a co-employee.
3. Plaintiff was unable to return to work and is permanently and totally disabled as a result of the injuries sustained on or about June 14, 1998. Plaintiff is receiving weekly benefits for permanent and total disability pursuant to a Form 26 entered in May 2000.
4. At the time of the accident and since 1974 plaintiff resided with Judy Hill in a single-wide mobile home.
5. As a result of the injuries that resulted in plaintiff's permanent and total disability, plaintiff has a need for accessible housing that is not met by his current residence.
6. Dr. Matthew Wallack was deposed on 23 February 2000. At that deposition Dr. Wallack testified that the plaintiff required unskilled care at all times beginning from the date of the accident. This care was provided by Judy Hill.
7. Sandra Wells-Brown completed a life care plan for plaintiff on 28 February 2002. Ms. Brown sought Dr. Wallack's opinion regarding plaintiff's attendant care requirements and at that time Dr. Wallack was of the opinion that plaintiff required and would continue to require 2 hours per day of unskilled care. This opinion was reflected in her plan. This care is necessary to distribute the medication and provide assistance with some activities of daily living. The Commission finds that plaintiff will require at least two hours of unskilled attendant care daily for the remainder of his life.
8. Prior to the plaintiff's compensable accident, the plaintiff and Judy Hill had planned to buy a new trailer. Furthermore, they had begun building a house many years prior but never completed the house.
9. The plaintiff testified that he required an "all terrain vehicle" in order to visit his friends, drive to the store, and get around on his property. Judy Hill testified that she desired Mr. Hill have a cell phone.
10. The defendants provide the plaintiff a taxi service that drives him to the store, to the gym, and to his doctor's appointments at the hospital.
11. Judy Hill has never worked outside the home and testified that she never planned to work outside the home.
12. Mr. Hill currently does not use a wheelchair and walks with some difficulty using a cane.
13. As a result of the significant decrease in his independence resulting from his permanent disability, plaintiff has suffered from chronic depression for which he has required ongoing treatment since February of 2002.
14. The unskilled medical and bathing care Judy Hill provided and provides for plaintiff has a value of $8 per hour.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On June 14, 1998, the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer, as a result of which he has been rendered permanently and totally disabled. N.C. Gen. Stat. § 97-29.
2. Plaintiff is entitled to additional benefits under the provisions of the North Carolina Workers' Compensation Act, as set forth below. N.C. Gen. Stat. § 97-25.
3. Plaintiff's existing residence is not suitable to his needs for accessible housing. Defendants are obligated to modify a home for plaintiff so that it is handicap-accessible. N.C. Gen. Stat. §§ 97-25; 97-29;Timmons v. North Carolina Department of Transportation, 123 N.C. App. 456
(1996); McDonald v. Brunswick Electric Membership Corp., 77 N.C. App. 753
(1985).
4. The plaintiff is not entitled to the building of a new home. N.C. Gen. Stat. §§ 97-25; 97-29
5. Judy Hill is entitled to be paid for her attendant care of plaintiff at a rate of $8 per hour, 2 hours per day for the period from February 24, 2000 and continuing. N.C. Gen. Stat. § 97-25; Timmons v. NorthCarolina Department of Transportation, 123 N.C. App. 456 (1996).
6. The plaintiff is entitled to ongoing medical care provided by defendants, including but not limited to his treatment for depression. N.C. Gen. Stat. § 97-25.
7. The plaintiff is not entitled to an all terrain vehicle or a cell phone. N.C. Gen. Stat. § 97-25.
8. The plaintiff is entitled to a reasonable taxi service to the store, to doctors' appointments, and to the gym. N.C. Gen. Stat. § 97-25.
9. The defense of this case was not unreasonable.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendants shall modify a home of plaintiff so that it is handicap-accessible. If the plaintiff chooses to remain in his current dwelling, move to a different home, or live with a relative, the defendants shall modify a dwelling of plaintiff's choice to the extent possible.
2. Defendants shall pay Judy Hill for her attendant care of plaintiff at a rate of $8 per hour, 2 hours per day for the period from February 24, 2000 and continuing. To the extent that this amount has accrued it shall be paid in a lump sum.
3. Defendants shall provide ongoing medical care to the plaintiff, including but not limited to his treatment for depression.
4. Defendants shall provide the plaintiff a reasonable taxi service to the store, to doctor's appointments, and to the gym.
5. Each party shall bear its own costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER