***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Donovan with modifications, including modification to the amount of attendant care awarded to plaintiff.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. All parties are properly before the Industrial Commission, all parties have been properly designated, and the Industrial Commission has jurisdiction over the parties and the subject matter. This case is subject to the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and Raunel Arce, doing business as (dba) Arce Forestry.
3. Arce Forestry employed three or more employees at the time of plaintiff's injury by accident and was subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
4. Arce Forestry was a subcontractor of Mountain Wood Forestry, Inc. at the time of the accident.
5. Arce Forestry was non-insured for the purposes of the North Carolina Workers' Compensation Act at the time of the accident.
6. On the date of the injury by accident, the parties were subject to and bound by the provisions of the Act wherein plaintiff was performing his duties as an employee of Arce Forestry which was a subcontractor for Mountain Wood Forestry, Inc.
7. Mountain Wood Forestry, Inc. is the Statutory Employer.
8. At such time, AIG was the carrier for Mountain Wood Forestry.
9. Plaintiff sustained an injury by accident arising out of and in the course of his employment on 10 June 2005.
10. The injury by accident resulted in paraplegia.
11. Plaintiff is permanently and totally disabled.
 12. Plaintiff's compensation rate is $320.00 per week. *Page 3 
13. The issues for determination are:
 a. What benefits, if any, is plaintiff entitled to recover under the Workers' Compensation Act for the specific traumatic incidents occurring on or about 10 June 2005?
 *********** EXHIBITS
1. The parties stipulated the following documentary evidence:
 a. Stipulated Exhibit #1: Medical records, case management reports, I.C. Forms and the Mediated Settlement Agreement.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On 10 June 2005, plaintiff was involved in a compensable motor vehicle accident arising out of his employment with Arce Forestry. On that date, Arce Forestry was a subcontractor of Mountain Wood Forestry, Inc. Plaintiff was a statutory employee of Mountain Wood Forestry, Inc. on 10 June 2005. As a result of the accident, plaintiff suffered various injuries, ultimately concluding in paraplegia. Plaintiff's claim was accepted by defendants by Industrial Commission Form 60.
2. Plaintiff was treated by Dr. Shahiar A. Nabizadeh, a physiatrist. Dr. Nabizadeh placed plaintiff at maximum medical improvement on 14 December 2006, with a 100% disability rating. *Page 4 
3. As a result of the C-7 fracture suffered in the 10 June 2005 workplace injury by accident, plaintiff is permanently confined to a wheelchair and has little or no feeling from his lower chest down, but is able to use his upper extremities with limitations. In addition, plaintiff suffers from a neurogenic bladder and bowel and is dependant on help for activities of daily living such as transportation, grocery shopping and household chores.
4. Plaintiff moved to Jacksonville, Florida, in January 2006. At that time, he was housed in a handicapped accessible apartment paid for by defendants, with his primary day-to-day care being provided by his brother, Horacio Arce. When the lease expired in August 2006, defendants did not pick up the lease and plaintiff was forced to move into a rented mobile home which is not handicapped accessible. Plaintiff continues to reside in this mobile home. While plans had been drawn to build a handicapped accessible deck for the dwelling, the owner of the mobile home has not agreed to the modifications.
5. Horacio Arce spent 10 hours per day, seven days per week, between January 2006 and June 2006, assisting his brother with medication, baths, cleaning, cooking, spending nights with plaintiff, assisting his bathroom duties, and performing other activities of daily living. As a result, he could no longer run his contracting company.
6. Between June 2006 and April 2007, Horacio Arce assisted plaintiff seven to eight hours per day, six days per week. His nephews also assisted plaintiff, and plaintiff is now able to perform more functions independently. Since April 2007, Horacio Arce spends five hours per day, six days per week with plaintiff. Further, three of his nephews live with plaintiff and help him at night if necessary; however, all the nephews work during the day.
7. The undersigned finds that Horacio Arce provided attendant care to plaintiff as follows: 15 January 2006 to 31 May 2006, seven days a week, 10 hours a day; 1 June 2006 to 1 *Page 5 
April 2007, six days a week, eight hours a day; and 2 April 2007 to 18 September 2007, six days a week, five hours a day.
8. A home health nurse and home health aide provided by defendants provide services to plaintiff every other day. Beyond that, plaintiff's brother, his nephews, and a niece perform most daily activities for him.
9. Pamela Bell is the former adjuster on the claim for AIG Claims Services. Ms. Bell admitted that on or about May 30 2007, defendant-carrier agreed to reimburse Horacio Arce for attendant care services he had provided; however, the hours and rate were never agreed upon and the matter was not pursued further prior to hearing.
10. Ms. Bell also noted that defendant-carrier was aware that plaintiff's lease on the handicapped accessible apartment ran out and thereafter plaintiff moved into a rented mobile home that was not handicapped accessible.
11. Plaintiff obtained a life care plan from Barbara Armstrong, certified registered nurse, certified disability management specialist, certified case manager, and certified life care planner. In preparation, Ms. Armstrong reviewed plaintiff's medical records, all the case management reports, visited and interviewed plaintiff in his home and interviewed plaintiff's primary provider of care, Horacio Arce.
12. The life care plan as prepared by Ms. Armstrong is necessary to provide relief, and/or lessen the period of plaintiff's disability. Further, Ms. Armstrong, by virtue of the fact that she performed an in home assessment, is in a better position than plaintiff's treating physician to determine the in home needs of plaintiff in terms of attendant care, housing, and supplies. *Page 6 
13. The plan, submitted on 10 October 2007, lists a number of needs which plaintiff maintains should be provided by defendants, including the following:
 a. A new and lighter electric wheelchair (the one plaintiff has is too heavy to lift and cannot be used in his current dwelling, so it is housed with his brother), including maintenance;
 b. a rolling shower chair and a handicapped accessible bathroom to allow plaintiff to do his own showering, or in the alternative, a Hoyer lift to help lift him in and out of the bathtub;
 c. bilateral foot splints to keep both ankles in a flex position while plaintiff sleeps;
 d. a standing table that would allow him to stand for a period of time in order to prevent osteoporosis;
 e. gloves to prevent his knuckles and hands from becoming injured;
 f. a blood pressure cuff because he has occasional periods of autonomic dysreflexia;
 g. a transfer belt to assist plaintiff in getting in and out of chairs;
 h. a long handled brush and long handed mirror so he can check his skin;
 i. a shower hose that would allow plaintiff to wash his own hair;
 j. reachers and grabbers for use in the kitchen so reach items from his wheelchair;
 k. portable ramps for access to public buildings; *Page 7 
 l. architectural renovations to his home to make it wheelchair accessible, including ramps, handicapped accessible bathrooms, and the ability to get in and out of the front door;
 m. an electric razor so he can shave himself with more accuracy without cutting himself;
 n. a slide board necessary for his transfers;
 o. a mattress overlay to prevent decubitus ulcers;
 p. an electric hospital bed which the head, bottom and middle of the bed all elevate;
 q. daily supplies for care of bowel, bladder and skin including catheters, lubricant, lotion, gloves, cleaning supplies, protective undergarments and blue pads;
 r. increased attendant care as plaintiff ages; and
 s. handicapped accessible transportation.
14. The above recommendations are reasonably necessary to affect a cure, give relief or lessen plaintiff's disability and as such are defendants' responsibility to provide to plaintiff. However, it is noted that many of the above requirements could be resolved by moving plaintiff into a handicapped accessible living environment. For instance, the Hoyer lift may not be necessary if plaintiff was provided with a rolling shower chair and a handicapped accessible bathroom and the electric wheelchair may not be required if plaintiff is in a dwelling where he can use the wheelchair he already owns.
15. Further, Barbara Armstrong opined that plaintiff has required and continues to require, 24 hour, seven days a week, attendant care until defendants provide plaintiff with *Page 8 
handicapped accessible housing. Ms. Armstrong opined that plaintiff's brother, Horacio Arce, can provide this type of care. She further opined that a nurse's aide providing this assistance in the area in which plaintiff resides would receive $18.00 per hour; however, a family member should receive less because of their status as a family member and because they are not a medical person.
16. Plaintiff is able to provide some care to himself, sleeps through the night, and takes a nap during the day. Plaintiff has been able to progress to performing more functions independently such that his brother has been able to reduce the amount of time his spends caring for plaintiff. As such, the Commission finds that plaintiff requires attendant care an average of 16 hours per day. Horacio Arce is the most appropriate person to provide said care. Further it is appropriate and reasonable that respite care be provided as needed.
17. The attendant care provided by plaintiff's family members, including Horacio Arce, which is reasonably required to affect a cure, give relief or lessen plaintiff's disability, has a reasonable value of $12.00 per hour, based on the lack of medical abilities of plaintiff's family members and the rates of such care in the area in which plaintiff resides.
18. After careful consideration, the undersigned find that while the benefits provided by defendants have been less than that to which plaintiff is entitled, their defense of this claim does not rise to a level of unfounded litigiousness sufficient to invoke statutory penalties.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 9 
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of the employment on 10 June 2005. N.C. Gen. Stat. § 97-2(6).
2. As a result of the compensable injury, plaintiff is permanently and totally disabled and entitled to continuing permanent total disability compensation at the rate of $320.00 per week for the remainder of his life. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendant pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability, subject to the statute of limitations prescribed in N.C. Gen. Stat. § 97-25.1. N.C. Gen. Stat. § 97-2(19).
4. Defendants shall pay plaintiff's family members for attendant care retroactively and continuing at the reasonable rate of $12.00 per hour which takes into consideration the rate charged by professional home health care agencies and then hourly rate actually received by an individual attendant and the fact that the care has been provided by family members who are not professionals. N.C. Gen. Stat. § 97-25;London v. Snak Time Catering, Inc., 136 N.C. App. 473, 525 S.E.2d 203
(2000).
5. Defendants argue that plaintiff's failure to obtain an Order of the Commission bars retroactive payment of attendant care services pursuant to Hatchett v. Hitchcock Corporation, 240 N.C. 591 (1954). The undersigned recognizes that there is nothing in the medical records of plaintiff's treating physicians that orders such care and there is no Industrial Commission Order requiring defendants to pay for family provided attendant care. However, defendants' own evidence shows that as of at least 30 May 2007, defendants addressed the issue and agreed to reimburse Horacio Arce for services provided. In so doing, defendants lulled *Page 10 
plaintiff into a position of belief that a motion was unnecessary. The fact that defendants did not determine an amount and did not follow through with the agreement does not allow them now to claim a bar against plaintiff's recovery at least from the date of the agreement.
6. According to the life care plan of Ms. Armstrong, so long as plaintiff remains in housing which is not handicapped accessible, he requires attendant care 24 hours per day, seven days per week. However, plaintiff is able to perform some functions on his own and requires attendant or supervisory care an average of 16 hours per day. Accordingly, plaintiff's family members providing attendant care, including Horacio Arce, are entitled to divide reimbursement for attendant care services at a rate of $12.00 per hour for 16 hours per day, seven days per week beginning on 30 May 2007 and continuing until plaintiff obtains handicapped accessible housing. At that time, family members providing attendant care will be entitled to divide payment for continuing attendant care at the rate of $12.00 per hour for five hours per day, six days per week, until further Order of the Commission.
7. Plaintiff is entitled to have defendants pay for modifications to his home to make such dwelling handicapped accessible. Timmons v. NorthCarolina Department of Transportation, 123 N.C. App. 456, 473 S.E.2d 356
(1996). Should the owner of plaintiff's current dwelling refuse to allow such modifications to commence within 30 days of the date of this Opinion and Award, defendants shall immediately begin the process of obtaining, either through purchase or lease, handicapped accessible housing for plaintiff.
8. Plaintiff is entitled to have defendants pay for the purchase or implementation of the recommendations listed in Finding of Fact No. 13 above pursuant to the life care plan prepared by Ms. Armstrong, as they are reasonably necessary to affect a cure, give relief or *Page 11 
lessen plaintiff's disability. Further, plaintiff is entitled to have defendants pay Ms. Armstrong for the preparation of the plan.
9. Plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, defendants shall pay permanent total disability compensation to plaintiff at the rate of $320.00 per week for the remainder of his life.
2. Subject to a reasonable attorney's fee, defendants shall pay directly to Horacio Arce reimbursement for attendant care services at a rate of $12.00 per hour for 16 hours per day, seven days per week beginning on 30 May 2007 and continuing until plaintiff obtains handicapped accessible housing. Thereafter, defendants shall continue payment in that amount to Horacio Arce for five hours per day, six days per week until further Order of the Commission.
3. A reasonable attorney's fee of 25% of portions of the compensation awarded to plaintiff in Paragraphs 1 and 2 above is hereby approved for plaintiff's counsel as follows: Every fourth payment pursuant to Paragraph 1 shall be paid directly to plaintiff's counsel. Further, one fourth of the reimbursement award in Paragraph 2 from 30 May 2007 through the date of this Opinion and Award shall be paid directly to plaintiff's counsel.
4. Defendants shall pay for modifications to plaintiff's home to make such dwelling handicapped accessible. Should the owner of plaintiff's current dwelling refuse to allow such modifications to commence within 30 days of the date of this Opinion and Award, defendants *Page 12 
shall immediately begin the process of obtaining, either through purchase or lease, handicapped accessible housing for plaintiff.
5. Defendants pay for the purchase or implementation of the recommendations listed in Finding of Fact No. 13 above pursuant to the life care plan prepared by Ms. Armstrong. This may be done by individual item, or through the implementation of subsuming recommendations, such as the handicapped accessible housing or bathroom. Further, plaintiff is entitled to have defendants pay Ms. Armstrong for the preparation of the plan.
6. Defendants shall pay the costs.
This the 12th day of December, 2008.
 S/___________________
 BUCK LATTIMORE
 COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1